```
                                                          USDC SDNY
                                                          DOCUMENT
                                                          ELECTRONICALLY FILED
                                                          DOC #: _____
                                                          DATE FILED: 8/4/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRUSTEES OF THE NEW YORK CITY              :
DISTRICT COUNCIL OF CARPENTERS             :
PENSION FUND, WELFARE FUND,                :
ANNUITY FUND, AND APPRENTICESHIP,          :       1:13-cv-5095-GHW
JOURNEYMAN RETRAINING,                     :
EDUCATIONAL AND INDUSTRY FUND,             :       MEMORANDUM OPINION
TRUSTEES OF THE NEW YORK CITY              :           AND ORDER
CARPENTERS RELIEF AND CHARITY FUND,        :
THE NEW YORK CITY AND VICINITY             :
CARPENTERS LABOR-MANAGEMENT                :
CORPORATION, and the NEW YORK CITY         :
DISTRICT COUNCIL OF CARPENTERS,            :
                                           :
                           Plaintiffs,     :
                                           :
             -v -                          :
                                           :
A.M. MARCA, INC.,                          :
                                           :
                           Defendant.      :
------------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

The Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship Fund, Journeyman Retraining Fund, Educational and Industry Fund, and New York City District Council of Carpenters Relief and Charity Fund (collectively, the "Funds"); the New York City District Council of Carpenters (the "Union"); and the New York City and Vicinity Carpenters Labor-Management Corporation move to confirm an arbitration award obtained against A.M. Marca, Inc. ("Marca") pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.[1]  For the following reasons, the award is confirmed.

---

[1] Plaintiffs commenced this action by filing a complaint that raised claims under Section 301 of the LMRA, under Section 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, and under Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9.  Plaintiffs essentially seek the same relief under all three causes of action; namely, confirmation of the arbitration award.  The Court observes that Plaintiffs' "kitchen sink" approach to pleading this action may not be the most efficient or effective means of seeking relief.  *See Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Corporation, Pension and Welfare Funds v. AG Construction Corporation*, No. CV 13-5087(JS)(WDW), 2014 WL 3491398, at *1 n.1 (E.D.N.Y. Apr. 28, 2014) ("[C]ourts have criticized plaintiff Funds or Trustees for mischaracterizing their pleadings as complaints rather than petitions, the preferred form for confirmation proceedings.  Those courts treated the complaints as petitions to confirm arbitration awards because . . . the Funds

BACKGROUND

Pursuant to a collective bargaining agreement between Marca and the Union (the "CBA"), Marca was required to make certain monetary contributions to the Funds for all carpentry work performed in the Union's trade and geographical jurisdiction, and to make its books and records available to the Funds for the purpose of conducting an audit. *See* Dkt No. 20, Declaration of Richard B. Epstein ("Epstein Decl."), Ex. B (CBA) at 36-38. The CBA provided that either party may seek to arbitrate any dispute that arose regarding contributions to the Funds, and that any arbitration award in favor of the Funds may include interest, liquidated damages, and costs. *Id.* at 44-46. The CBA further provided that, "[u]pon the confirmation of the arbitrator's award, the prevailing party shall . . . be entitled to receive all court costs in each proceeding as well as reasonable counsel fees." *Id.* at 35.

Pursuant to the CBA, the Funds conducted an audit of Marca's books and records covering the period of June 8, 2010 to September 26, 2011. *See* Epstein Decl., Ex. A (Award) at 2. The auditor determined that Marca had failed to remit $39,297.21 in required contributions. *Id.* at 3. Marca failed to pay this deficiency, and Plaintiffs initiated arbitration.

After providing notice to both parties, the arbitrator held a hearing in December 2012. *Id.* at 2. At the hearing, counsel for Plaintiffs presented evidence of Marca's delinquent contributions, including the testimony of the auditor and a Summary Report of the audit. *Id.* at 2-3. No representative appeared at the hearing on behalf of Marca. *Id.* at 2.

---

requested the appropriate relief for a petition." (citations omitted)). The Court will not consider Plaintiffs' claims for relief under ERISA because "an action to confirm an arbitration award is not an appropriate vehicle for adjudication of ERISA claims for damages." *Ottley v. Schwartzberg*, 819 F.2d 373, 377 (2d Cir. 1987); *see also New York City Dist. Council of Carpenters Pension Fund v. Eastern Millenium Construction, Inc.*, No. 03 Civ. 5122(DAB), 2003 WL 22773355, at *1 n.1 (S.D.N.Y. Nov. 21, 2003) (declining to consider the plaintiff's ERISA claims for the same reason). Nor will the Court consider Plaintiffs' claims for relief under the FAA, since the FAA does not apply to actions within the scope of Section 301 of the LMRA. *Santos v. General Elec. Co.*, No. 10 Civ. 6948(JSR)(MHD), 2011 WL 5563544, at *8 & *8 n.13 (S.D.N.Y. Sept. 28, 2011); *accord Westerbeke v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 222 (2d Cir. 2002) ("[T]he FAA is no longer applicable to actions to enforce arbitration awards brought pursuant to § 301 of the LMRA."); *see also id.* at 221-22 (lamenting the "unfortunate tendency of courts in this Circuit to conflate review of awards under the FAA and under § 301 [of the LMRA]" and noting that "it would be error to collapse the analysis under the two statutes").

On December 10, 2012, the arbitrator determined that, based on the substantial and credible evidence presented at the hearing, Marca owed the Funds $39,296.21 in unpaid benefit contributions, $3,303.99 in interest on the principal, $3,559.82 in interest on previous late payments, $7,859.24 in liquidated damages, $237.00 in assessments to the Promotional Fund, $350 in court costs, $3,024.50 in audit costs, $500.00 in arbitrator's fees, and $1,500.00 in attorney's fees, for a total of $59,630.76.[2]  *Id.* at 3.  The arbitrator ruled that interest on the award would accrue at the rate of 5.25% from the date of the award.  *Id.* at 4.

On July 22, 2013, Plaintiffs commenced the instant action, asserting that Marca has failed to make any payments on the arbitrator's award.  Marca subsequently appeared through counsel and filed an answer in which it generally denied having knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations.  On June 23, 2014, Plaintiffs moved to confirm the arbitration award.  Despite the Court's clear directives, *see* Dkt. No. 22, Marca has failed to respond to Plaintiffs' motion.

DISCUSSION

"Section 301 of the [LMRA], 29 U.S.C. § 185, provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998).  "Confirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *N.Y. Med. Ctr. of Queens v. 1199 SEIU United Healthcare Workers*

---

[2] The Court notes that Plaintiffs' description of the amounts awarded by the arbitrator is inconsistent with the amounts set forth in the award itself.  *Compare* Dkt. No. 21, Memorandum of Law in Support of Plaintiffs' Motion to Confirm Arbitration Award at 3-4, *with* Epstein Decl., Ex. A at 3.  Because the Court is tasked with confirming the award itself, the above figures were derived from the award.

The Court further notes that attached to Plaintiffs' complaint but not to their motion to confirm is an "Amended Opinion and Default Award of Arbitrator" dated April 10, 2013.  *See* Dkt. No 1, Ex. A.  The purpose of the amended award is not clear, as it appears to be identical to the original award in all respects except for the signature date and the Certified Return Receipt Request number associated with the copy of the award sent to Marca.

3

*East*, No. 11-cv-04421 (ENV)(RLM), 2012 WL 2179118, at *4 (E.D.N.Y. June 13, 2012) (internal quotation marks omitted).

"Because [t]he federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of [arbitration] awards, an arbitrator's award resolving a labor dispute is legitimate and enforceable as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." *Local 97, Int'l Bhd. of Elect. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) (citation and internal quotation marks omitted); *see also Harry Hoffman Printing, Inc. v. Graphic Communications Int'l Union, Local 261*, 950 F.2d 95, 97 (2d Cir. 1991) ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." (internal quotation marks omitted)). "Generally speaking, unless the award is procured through fraud or dishonesty, the decision should not be disturbed." *Niagara Mohawk*, 196 F.3d at 124.

When a petition to confirm an arbitration award is unopposed, courts should generally treat "the petition and accompanying record . . . as akin to a motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Thus, like unopposed summary judgment motions, unopposed confirmation petitions "must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id.* at 110 (internal quotation marks omitted).

Here, there is no indication that the arbitrator's award was procured through fraud or dishonesty or that any other basis for overturning the award exists. Rather, the record demonstrates that the award is based on undisputed evidence that Marca failed to pay $39,297.21 in benefit contributions required by the CBA. Accordingly, Plaintiffs' motion is granted and the award is confirmed.

Plaintiffs have also requested $1,849.00 in attorneys' fees and $467.40 in costs.  Plaintiffs are entitled to reasonable attorneys' fees and costs pursuant to the express terms of the CBA, *see* Epstein Decl., Ex. B at 35, and have demonstrated through contemporaneous time records that the amounts requested are reasonable, *see* Epstein Decl., Ex. D.  Accordingly, Plaintiffs' request for attorneys' fees and costs is granted.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to enter judgment in favor of Plaintiffs and against Marca in the amount of $59,630.76, plus interest at the rate of 5.25% per annum from the date of the award (December 10, 2012) to date of the judgment, together with attorneys' fees and costs in the amount of $2,316.50.  The Clerk of Court is further directed to close the case.

SO ORDERED.

Dated:  August 4, 2014  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge